# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARCELINA REYES, | DOCKET NUMBER |
|                      Appellant, | SF-0752-13-1994-I-1[1] |
|       v. | |
| DEPARTMENT OF THE ARMY, | DATE: May 24, 2016 |
|                  Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Marcelina Reyes, Sacramento, California, pro se.

Kevin D. Kornegay, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *Field Op. Army Staff v. Department of the Army*, MSPB Docket No. SF-0752-13-4863-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2       The agency furloughed the appellant from her Human Resources Specialist position with its Civilian Human Resources Agency (CHRA).  Initial Appeal File (IAF), Tab 1 at 7-8, 11-13.  On appeal, the appellant asserted that the agency failed to decide equitably which employees to furlough, engaged in disparate treatment, violated her due process rights because she did not have a meaningful opportunity to invoke the discretion of the deciding official, and did not show that the action promoted the efficiency of the service.  IAF, Tab 1 at 5; *see* IAF, Tab 3 at 4.  The appellant also asserted that CHRA employees should have fallen under the Department of Defense (DOD) civil works exception to the furlough because CHRA employees are funded by a special U.S. Army Corps of Engineers (USACE) revolving fund.  IAF, Tab 3 at 4-5.

¶3       The agency asserted in response that, although the USACE "reimburses CHRA for the cost of providing human resources services to USACE Headquarters, Districts, and Divisions," the Human Resources Specialists "who provide service to these USACE entities remain employees of CHRA, and report up through the CHRA chain of command to HQDA [Headquarters, Department of the Army]."  *Field Op. Army Staff v. Department of the Army*, MSPB Docket

No. SF-0752-13-4863-I-1, Consolidation Appeal File (CAF), Tab 6 at 19. The agency further asserted that "USACE payments to CHRA for human resources are from a Revolving Fund Account, which does not meet the definition of the DoD Civil Works funding listed in the categorical furlough exemption." *Id*. at 20.

¶4    After a hearing, the administrative judge affirmed the furlough action upon finding that the agency proved by preponderant evidence that it had to make significant spending cuts because of sequestration and that the furlough action helped the agency avoid a deficit. CAF, Tab 24, Initial Decision (ID) at 9-10. The administrative judge found that the agency imposed the furloughs uniformly with exceptions for limited categories of employees directly involved in support of wartime operations, those needed to protect life or property, or those involved in a few programs of particularly high priority, and that the furloughs were a reasonable management solution to the financial issues facing the agency. ID at 11. The administrative judge further held that the appellant did not prove that the agency denied her a meaningful opportunity to respond to the furlough or committed harmful error based on the use of a reply official, who was charged with receiving, reviewing, and providing input or a recommendation to the deciding official. ID at 14-17. Finally, the administrative judge found that the appellant did not qualify for an exception to the furlough as a 100% civil works funded employee and that "the appellants have not demonstrated that it was unreasonable for the agency to base eligibility for [the] exception based on the accounts CHRA designated for payment of its employees' salaries and benefits, rather than the USACE accounts." ID at 17.

¶5    The appellant asserts on review that the agency did not prove that it had to make significant spending cuts because of sequestration and that the furloughs helped it avoid a deficit. Petition for Review File, Tab 1 at 4. She also reiterates her contention that the agency violated her due process rights because it did not provide her with a meaningful opportunity to respond to the proposed action. *Id*. The appellant further contends that she should have been excepted from the

furlough based on her funding, that her funding "at best is grey," and that she was funded by both civil and military funds. *Id*.

¶6     We agree with the administrative judge that the agency proved that it needed to make significant spending cuts, furloughs helped it avoid a deficit, and the agency did not violate the appellant's due process rights.  As the administrative judge found, ID at 9-10, the agency provided unrebutted evidence that it had to make significant spending cuts and that furloughs helped it avoid a deficit, CAF, Tab 6 at 61-71.  The appellant's bare allegation on review that the agency did not meet its burden of proof in this regard does not demonstrate error in the initial decision.  Further, the administrative judge correctly found that the agency did not violate the appellant's due process rights because the deciding official in this case gave full consideration to the appellant's reply to the proposal notice and had the authority to except an employee from the furlough, reduce the length of the furlough period, or recall an employee from furlough.  ID at 12-14; CAF, Tab 6 at 30-31; *see Gajdos v. Department of the Army*, 121 M.S.P.R. 361, ¶¶ 18-25 (2014).  Finally, the appellant has shown no error in the administrative judge's determination that CHRA employees who were serving USACE facilities did not meet an exception to the furlough.  ID at 17.  The agency determined that CHRA employees servicing USACE positions were paid from a revolving fund that included a combination of civil and military funding and were not paid from a civil works appropriation; thus, the agency explained that these employees were not covered by the DOD civil works exception to the furlough.  CAF, Tab 7 at 41‑43.  We conclude that the appellant's contention on review that the funding for her position was "grey" and included both civil and military funds does not demonstrate error in the administrative judge's determination.

¶7     Accordingly, we deny the appellant's petition for review and affirm the initial decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.